**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

|  |  |
|---|---|
|  | DOCKET NUMBERS[1] |
| TINKER HEARING A-D | DA-0752-14-0289-I-1 |
| TINKER AFB HEARING E-L | DA-0752-14-0293-I-1 |
| TINKER HEARING M-R | DA-0752-14-0294-I-1 |
| TINKER HEARING S-Z | DA-0752-14-0407-I-1 |
|       Appellants, |  |
|  |  |
|     v. |  |
|  |  |
| DEPARTMENT OF THE AIR FORCE, | DATE: June 5, 2015 |
|       Agency. |  |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Craig T. Barron and Delo Wayne Anderson, American Federation of
    Government Employees, Oklahoma City, Oklahoma, for the appellants.

Telin W. Ozier, Esquire, Midwest, Oklahoma, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] The individual appeals that are included in this consolidation are set forth in Appendices A-D to this order. No petition for review was filed in the other appeals that were decided as part of the initial decisions in these matters, and thus they are not listed on these appendices or addressed in this decision.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1        The appellants represented by the two American Federation of Government Employees (AFGE) representatives noted above have filed petitions for review of the four initial decisions, which affirmed the agency's furlough actions. Generally, we grant petitions such as these only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2        A number of similarly situated employees from Tinker Air Force Base appealed the agency's decision to furlough them for 6 days between July 8, 2013, and September 30, 2013.  *See, e.g*., MSPB Docket No. DA-0752-14-0289-I-1 (Tinker Hearing A-D), Consolidated Appeal File (CAF), Tab 2; MSPB Docket DA-0752-14-0293-I-1 (Tinker Hearing E-L), CAF, Tab 2; MSPB Docket No. DA-0752-14-0294-I-1 (Tinker Hearing M-R), CAF, Tab 2; MSPB Docket DA-0752-14-0407-I-1 (Tinker Hearing S-Z), CAF, Tab 2.  The individual appeals were consolidated into the aforementioned four groups.  After holding a single hearing, the administrative judge issued an initial decision for each consolidated

group, affirming the furloughs. *See, e.g.*, Tinker Hearing A-D, CAF, Tab 28, Initial Decision (ID); Tinker Hearing E-L, CAF, Tab 31, ID; Tinker Hearing M-R, CAF, Tab 29, ID; Tinker Hearing S-Z, CAF, Tab 29, ID.

¶3   The Board has received two virtually identical petitions for review from Mr. Barron and Mr. Anderson of AFGE for each consolidated group.[3]  *See* Tinker Hearing A-D, Petition for Review (PFR) File, Tabs 1-2; Tinker Hearing E-L, PFR File, Tabs 1-2; Tinker Hearing M-R, PFR File, Tabs 1-2; Tinker Hearing S-Z, PFR File, Tabs 1-2.  The agency has filed responses in opposition to the petitions for review.  *See, e.g.*, Tinker Hearing A-D, PFR File, Tab 4.

¶4   Because the petitions for review raise the same issues in each matter, we have further consolidated these appeals to address the AFGE petitions for review. *See* 5 C.F.R. § 1201.36(b) (consolidation is appropriate if doing so would expedite processing and not adversely affect the interest of the parties). Accordingly, this final order applies to all of the appellants represented by Mr. Barron and Mr. Anderson  whose furloughs were affirmed below in these four consolidated appeals.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5   The appellants argue that the agency could not meet its burden of proof because it declined to call witnesses at the hearing and relied instead on documentary evidence that was not authenticated.  *E.g.*, Tinker Hearing A-D, PFR File, Tab 1 at 4-5.  Hearsay evidence is admissible in Board proceedings. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981).  An assessment of the probative value of hearsay evidence depends on the

---

[3] Numerous appellants in these consolidations designated individual representatives from AFGE.  Only AFGE representatives Mr. Barron and Mr. Anderson filed petitions for review of the initial decisions issued by the administrative judge.  Accordingly, petitions for review were docketed on behalf of those appellants represented by Mr. Barron or Mr. Anderson. *See* Tinker Hearing A-D, Petition for Review (PFR) File, Tab 3; Tinker Hearing E-L, PFR File, Tab 3; Tinker Hearing M-R, PFR File, Tab 3; Tinker Hearing S-Z, PFR File, Tab 3.

circumstances of each case. *Id*. Factors affecting the weight to be accorded to hearsay evidence include: the consistency of the declarants' accounts with other information in the case; internal consistency; whether corroboration for the statements can otherwise be found in the record; the absence of contradictory evidence; and the credibility of the declarant when he made the statement attributed to him. *Id*. at 87.

¶6    The administrative judge relied on the documentary evidence provided by the agency in finding that the agency demonstrated "cause" for the furloughs, *e.g.*, Tinker Hearing A-D, ID at 6, 10, and that the furloughs promoted the efficiency of the service, *e.g.*, Tinker Hearing A-D, ID at 10. The administrative judge found that this evidence "overwhelmingly" supported the agency's need to reduce spending as a result of sequestration and also supported a finding that the agency evenly and fairly applied the furloughs. *E.g.*, Tinker Hearing A-D, ID at 15. Based on our review of the records in these appeals, we agree with the administrative judge's findings. The affidavits and memoranda relied on by the agency to establish that the furloughs were necessary are of sufficient probative value to establish these facts given the consistency of the evidence and the absence of any contradictory evidence.

¶7    It is well settled that technical rules for the exclusion of evidence, such as appropriate authentication, do not apply to proceedings before federal administrative judges. *Sanders v. Department of the Air Force*, 23 M.S.P.R. 88, 90 (1984). Here, the appellants have not claimed that the documents submitted by the agency are inauthentic. Their arguments are based on the Federal Rules of Evidence. The Board relies on the Federal Rules of Evidence as guidance, but an administrative judge is not required to strictly adhere to them in determining what evidence is to be admitted at a hearing. *See Arterberry v. Department of the Air Force*, 25 M.S.P.R. 582, 583 (1985). The appellants' arguments rely entirely on the type of evidence on which the agency relied to meet its burden of proof. Administrative judges are not prohibited from admitting any category of evidence

and have considerable discretion in the manner in which they conduct hearings. *Hatley v. Veterans Administration*, 9 M.S.P.R. 585, 590 (1982). We find no error in the administrative judge's findings that the agency met its burden of proof with documentary evidence in these cases. The appellants have not presented any basis for disturbing the initial decisions. Therefore we DENY the petitions for review.

## NOTICE TO THE APPELLANTS REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.

APPENDIX A

Tinker Hearing A-D
DA-0752-14-0289-I-1


| Ali A. Akbaran | DA-0752-13-2270-I-1 |
| Barbara J. Anderson | DA-0752-13-0734-I-1 |
| Brenda Brown | DA-0752-13-1570-I-1 |
| Brian R. Atkins | DA-0752-13-2250-I-1 |
| Carl Dahms | DA-0752-13-0690-I-1 |
| Cecil Cole | DA-0752-13-2281-I-1 |
| Cody Cleveland | DA-0752-13-3298-I-1 |
| Craig Barron | DA-0752-13-0688-I-1 |
| Damen G. Burris | DA-0752-13-0689-I-1 |
| David Bolen | DA-0752-13-1796-I-1 |
| Delia Acosta | DA-0752-13-0857-I-1 |
| Delo W. Anderson | DA-0752-13-0692-I-1 |
| Dustin Dennis | DA-0752-13-2248-I-1 |
| George Duggins | DA-0752-13-1054-I-1 |
| Gregory Calvillo | DA-0752-13-1729-I-1 |
| Homer Adams | DA-0752-13-0691-I-1 |
| Jakeb Drew | DA-0752-13-2094-I-1 |
| James D. Brazeal | DA-0752-13-1393-I-1 |
| James Dunaway | DA-0752-13-1550-I-1 |
| Jeffery Culwell | DA-0752-13-1735-I-1 |
| Joseph Billus | DA-0752-13-2241-I-1 |
| Kenneth Blotz | DA-0752-13-2238-I-1 |
| Kerry D. Becker | DA-0752-13-1262-I-1 |
| Leroy Anderson | DA-0752-13-2326-I-1 |

| | |
|---|---|
| Leslie Davis | DA-0752-13-2470-I-1 |
| Martin Castaneda | DA-0752-13-0807-I-1 |
| Michael Clark | DA-0752-13-1045-I-1 |
| Peter S. Conser | DA-0752-13-2606-I-1 |
| Peyton Berry | DA-0752-13-0853-I-1 |
| Ramona Chandler | DA-0752-13-2463-I-1 |
| Redena Alexander | DA-0752-13-3389-I-1 |
| Robert Deardorff | DA-0752-13-0819-I-1 |
| Ron Circo | DA-0752-13-0809-I-1 |
| Shelly Chambers | DA-0752-13-1539-I-1 |
| Steven E. Davis | DA-0752-13-2465-I-1 |
| Steven S. Delk | DA-0752-13-0694-I-1 |
| Tarry Boudreaux | DA-0752-13-2403-I-1 |
| Theodore W. Dexter | DA-0752-13-2063-I-1 |
| Tyran Battles | DA-0752-13-1355-I-1 |

APPENDIX B

TINKER AFB HEARING E-L
DA-0752-14-0293-I-1

| | |
|---|---|
| Amy Luong | DA-0752-13-1403-I-1 |
| Barbara Ervin | DA-0752-13-1274-I-1 |
| Barel Laughlin | DA-0752-13-1413-I-1 |
| Bobby Irvin | DA-0752-13-2141-I-1 |
| Cameron Lange | DA-0752-13-0856-I-1 |
| Carmon M. Fogle | DA-0752-13-0679-I-1 |
| Daniel Gore | DA-0752-13-1387-I-1 |
| Edward Kuehn | DA-0752-13-0869-I-1 |
| Elvin Ervin | DA-0752-13-1275-I-1 |
| Eugene Herrington | DA-0752-13-2213-I-1 |
| James C. Lambert | DA-0752-13-2239-I-1 |
| James Fullbright | DA-0752-13-0699-I-1 |
| Jan Harden | DA-0752-13-1353-I-1 |
| Johnathan John | DA-0752-13-2077-I-1 |
| Lance Holtsclaw | DA-0752-13-1289-I-1 |
| Mark E. Kirby | DA-0752-13-0683-I-1 |
| Micheal Hively | DA-0752-13-2067-I-1 |
| Patrick M. Janeway | DA-0752-13-2360-I-1 |
| Patrick M. Judkins | DA-0752-13-0682-I-1 |
| Peter Lachance | DA-0752-13-1332-I-1 |
| Ramiro Larralde | DA-0752-13-2245-I-1 |
| Robert Farrar | DA-0752-13-0697-I-1 |
| Robert Harrell | DA-0752-13-0732-I-1 |
| Robert Henry | DA-0752-13-0878-I-1 |

| | |
|---|---|
| Robert R. Hill | DA-0752-13-2306-I-1 |
| Scott E. Guthrie | DA-0752-13-0678-I-1 |
| Stephen A. Lang | DA-0752-13-3300-I-1 |
| Steve Lane | DA-0752-13-2329-I-1 |
| Steven Gregston | DA-0752-13-1341-I-1 |
| Terrill Johnson | DA-0752-13-2273-I-1 |
| Terry James | DA-0752-13-0680-I-1 |

APPENDIX C

Tinker Hearing M-R
DA-0752-14-0294-I-1


| | |
|---|---|
| Angela F. Patterson | DA-0752-13-1351-I-1 |
| Arthur McCool | DA-0752-13-2243-I-1 |
| Brian McCoun | DA-0752-13-1322-I-1 |
| Derick Moore | DA-0752-13-2237-I-1 |
| Donald Mattingly | DA-0752-13-2266-I-1 |
| Dwayne A. Miller | DA-0752-13-0855-I-1 |
| Frank Mendoza | DA-0752-13-2252-I-1 |
| Harold A. McGee | DA-0752-13-0735-I-1 |
| Hong Kieu Nguyen | DA-0752-13-2315-I-1 |
| Jack Northcott | DA-0752-13-1597-I-1 |
| Jack R. Mc Swain | DA-0752-13-0810-I-1 |
| Jackie Randle | DA-0752-13-2088-I-1 |
| Jason ODell | DA-0752-13-1600-I-1 |
| Jerry D. Place | DA-0752-13-2073-I-1 |
| Kenneth Peters | DA-0752-13-2259-I-1 |
| Kimberly T. Nguyen | DA-0752-13-1849-I-1 |
| Latrida A. Mukes | DA-0752-13-2282-I-1 |
| Michial Robidoux | DA-0752-13-2272-I-1 |
| Mickey Phillips | DA-0752-13-1621-I-1 |
| Randy Perkins | DA-0752-13-0736-I-1 |
| Rodney Payne | DA-0752-13-0733-I-1 |
| Russell Murphy | DA-0752-13-3297-I-1 |
| Russell Noel | DA-0752-13-3391-I-1 |
| Shawn C. Petty | DA-0752-13-1620-I-1 |
| Travis L. Matthews | DA-0752-13-1318-I-1 |

APPENDIX D

Tinker Hearing S-Z
DA-0752-14-0407-I-1


| | |
|---|---|
| Blair L. Smith | DA-0752-13-1650-I-1 |
| Brett Ware | DA-0752-13-0806-I-1 |
| Bruce D. Sparks | DA-0752-13-0684-I-1 |
| Bruce Stout | DA-0752-13-3395-I-1 |
| Caleb White | DA-0752-13-4570-I-1 |
| Charles Stephens | DA-0752-13-2330-I-1 |
| Dana Waitman | DA-0752-13-1687-I-1 |
| Danny Warden | DA-0752-13-3393-I-1 |
| David Spaulding | DA-0752-13-2249-I-1 |
| James B. Taylor | DA-0752-13-1665-I-1 |
| James Sharry | DA-0752-13-1406-I-1 |
| Jeffrey A. Van Dorp | DA-0752-13-4662-I-1 |
| Jonathon Smith | DA-0752-13-1652-I-1 |
| Kelley Wood | DA-0752-13-2930-I-1 |
| Kevin Stanford | DA-0752-13-2062-I-1 |
| Lloyd Thompson | DA-0752-13-1842-I-1 |
| Mark Raymond Turner | DA-0752-13-0864-I-1 |
| Mark Sissons | DA-0752-13-2368-I-1 |
| Mark Voyles | DA-0752-13-1407-I-1 |
| Matthew Sawyer | DA-0752-13-1643-I-1 |
| Richard Todd | DA-0752-13-2255-I-1 |
| Ronald D. Vaughn | DA-0752-13-2072-I-1 |
| Ronald Stone | DA-0752-13-1659-I-1 |
| Ronnie Shaffer | DA-0752-13-2374-I-1 |

| | |
|---|---|
| Russell Trotter | DA-0752-13-2235-I-1 |
| Shane Wilson | DA-0752-13-3392-I-1 |
| Sheila Verdugo | DA-0752-13-0737-I-1 |
| Steve Wood | DA-0752-13-3299-I-1 |
| Travis Wilson | DA-0752-13-2480-I-1 |